IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUNE FORTIS,
    Plaintiff,

vs.                                                             Case No. 07-1351-JTM

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,
    Defendant.

MEMORANDUM AND ORDER

Plaintiff June Fortis seeks review of a final decision of the Commissioner of Social Security. (Dkt. No. 14). The Administrative Law Judge ("ALJ") denied Fortis's application for Social Security disability benefits on May 4, 2007, finding that Fortis was not disabled under section 1614(a)(3)(A) of the Social Security Act. For the following reasons, this court denies the appeal and affirms the decision of the ALJ.

On May 5, 2002, Fortis filed an application for supplemental security income benefits alleging that she had a disability that began on February 1, 2000. The claims were denied initially on August 27, 2002, and upon reconsideration on March 11, 2003. The ALJ held a hearing on September 6, 2005, and he issued a favorable decision on October 12, 2005. On November 15, 2005, the Appeals Council sent notice of its intention to review the ALJ's decision. It vacated the ALJ's decision on January 31, 2006, and remanded the case for further development. Following a supplemental hearing held on April 9, 2007, the ALJ entered an order finding that the plaintiff was

not disabled on May 4, 2007.  On December 5, 2007, the Appeals Council denied Fortis's request for review.  Fortis then timely filed a complaint with this court. (Dkt. No. 1).

Fortis claims the record shows she suffers from impairments of such severity and duration as to constitute a disability within the meaning of the Social Security Act, which would entitle her to Social Security disability benefits.  Specifically, she contends: 1) the ALJ deprived her of the right to counsel; 2) the ALJ applied incorrect legal standards when formulating her RFC; and 3) the RFC findings are not supported by substantial evidence.

Fortis, who was born in 1965, claims she suffers from and is disabled by connective tissue disease, fibromyalgia, nerve damage, diabetes, sleep apnea, acid reflux, irritable bowel syndrome and polycythemia. (Tr. at 139).  Fortis earned a GED and completed one year of college.  (Tr. at 145 and 497-98).  She has worked as a cashier-checker, bartender, production helper and newspaper carrier.  (Tr. at 140, 152-59, 499, 514, and 518-19).

The ALJ concluded that Fortis had never engaged in substantial gainful activity . (Tr. at 18-19).  He found that Fortis had the following severe impairments: rheumatoid arthritis, fibromyalgia, hypertension, gastroesophageal reflux disease, obesity, sleep apnea, a post-traumatic stress disorder ("PTSD"), a panic disorder with mild agoraphobia and alcohol abuse.  (Tr. at 19).  The ALJ also found that Fortis did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. at 19). Specifically, the ALJ found that, after careful consideration of the entire record:

> Even considering the effects of obesity, the claimant's impairments do not meet the criteria . . . for musculoskeletal impairments.  Although the claimant has musculoskeletal impairments, she does not have an "extreme" limitation in the ability to walk or perform fine and gross movements effectively . . . nor does she have nerve root compression, spinal arachnoiditis or lumbar spinal stenosis as required . . . . Furthermore, the claimant's obesity does not singly or in combination with any other

> impairment meet or functionally equal the criteria of any of the medical listings . . . for lung disorders, she has no evidence of pulmonary insufficiency as required . . . and there is no evidence of multiple hospitalizations or emergency treatments . . . . The claimant has no cardiac impairments, other than hypertension which is medically controlled and . . . no evidence of end organ damage as required . . . . The claimaint also has a diagnosis of fibromyalgia without evidence of undifferentiated connective tissue disorder . . . .
>
> The record indicates PTSD and a panic disorder with mild agoraphobia generally controlled with medication without the need for ongoing psychotherapy . . . . Overall, the evidence indicates that the claimant's mental impairments cause only mild restrictions in activities of daily living; moderate difficulties in maintaining social functioning; only mild difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation of extended duration.
>
> There is nothing to indicate that the claimant could not engage in work activity at the medium exertional level, or work requiring lifting and/or carrying 50 pounds occasionally or; 25 pounds frequently and stand and/or walk 6 hours in an 8 hour workday and sitting 6 hours out of an 8 hour workday. The claimant is capable of understanding, remembering and carrying out simple instructions, but her mental impairments preclude her from jobs requiring significant interaction with the general public. (Tr. at 19-20)

This court's review is guided by the Social Security Act, which provides, in part, that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the court must determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir.2001). Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion. *Castellano v. Sec'y of Health and Human Servs.,* 26 F.3d 1027, 1028 (10th Cir.1994); *Gossett v. Bowen,* 862 F.2d 804 (10th Cir.1988). The court may "neither reweigh the evidence nor

substitute [its] judgment for that of the agency." *White,* 287 F .3d at 905 (quoting *Casias v. Sec'y of Health and Human Serv.,* 933 F.2d 799, 800 (10th Cir.1991)).

An individual is disabled only if that individual can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue,* 501 F.Supp.2d 1303, 1306-07 (D.Kan.2007) (citing 42 U.S.C. § 423(d)). The impairment must be severe enough that she is unable to perform her past relevant work, and, further, cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience. *Barnhart v. Walton,* 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005).

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Allen v. Barnhart,* 357 F.3d 1140, 1142 (10th Cir.2004); 20 C.F .R. § 404.1520(a) (2003). The steps are followed in order, and if it is determined that the claimant is or is not disabled at a step of the evaluation process, evaluation under a subsequent step is unnecessary.

The first three steps require the Commissioner to assess whether claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether she has severe impairments, and whether the severity of her impairments meets or equals a specific list of impairments. *Williams v. Bowen,* 844 F.2d 748, 751 (10th Cir.1988). If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (RFC), which is her ability to do physical and mental

4

work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 416.920(e).

Upon assessing the claimant's RFC, the Commissioner can then move on to steps four and five, which require assessing whether the claimant can perform her past relevant work and whether she can generally perform other work in the national economy. *Williams,* 844 F.2d at 751. The claimant bears the burden throughout steps one through four to prove a disability that prevents performance of past relevant work. *Dikeman v. Halter,* 245 F.3d 1182, 1184 (10th Cir .2001). The burden then shifts to the Commissioner at step five to show other jobs in the national economy that are within the claimant's capacity to perform. *Haddock v. Apfel,* 196 F.3d 1084, 1088 (10th Cir.1999).

In this case, Fortis argues that the ALJ erred in not postponing the April 9, 2007 hearing to allow additional time for her to obtain representation. (Dkt. No. 14 at 4-6). She also alleges the ALJ failed to fully develop the record and erred in making a proper step two determination. (Dkt. No. 14 at 6-8). Further, Fortis claims the ALJ's RFC assessment is not supported by substantial evidence, and that he improperly evaluated her credibility, erring in finding her not fully credible. (Dkt. No. 14 at 10-18).

Fortis was given sufficient notice of her right to representation by hearing notices and letters. (Tr. at 78-81, 82-85 and 98-101). *See Carter v. Chater*, 73 F.3d 1019, 1021 (10th Cir. 1996) (The court found that sufficient notice of the right to representation was given where the ALJ advised Plaintiff of her right to representation at the hearing, and the notice of hearing, notice of denial, and notice of reconsideration sent to Plaintiff also advised her of her right to representation). Plaintiff has failed to show that she was prejudiced by not

having an attorney present. *See e.g., Heisner v. Secretary of Health, Education, and Welfare*, 538 F.2d 1329, 1331-32 (8th Cir. 1976) (internal quotations omitted) ( [L]ack of counsel would not affect the validity of the hearing unless the claimant demonstrates prejudice or unfairness in the proceeding. Thus, even should petitioner succeed in her argument that she failed to fully appreciate the nature of the administrative proceedings, she is not entitled to relief unless she can show how she was prejudiced in her attempt to prove disability. ) There is no evidence that Fortis was prejudiced by not having an attorney present.

Fortis next argues that the ALJ failed to fully develop the record in the following ways: 1) not obtaining records from Max Meschberger; 2) not contacting plaintiff's treatment providers; and 3) not obtaining records relating to plaintiff's use of anti-depressant and lithium.  (Dkt. No. 14 at 6-8).  The record contains evidence regarding Max Meschberger's treatment of Fortis and her use of lithium.  (Tr. at 389, 472-76 and 507).  And while the record contains evidence from numerous other examining and treating physicians, the ALJ ordered a second consultative psychological examination to further develop the record.  (Tr. at 378-80 and 414-20).  The ALJ properly developed the record.

Plaintiff also maintains the ALJ did not make a proper step two determination, claiming he failed to consider whether her depression, bipolar disorder, and personality disorder were severe impairments.  (Dkt. No. 14 at 8-10).  The Tenth Circuit has held that once the ALJ has found that the claimant has a severe impairment, that is all the ALJ is required to do at step two.  *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007).  The ALJ addressed Fortis's mental impairments at step two and found that she had severe mental

impairments of PTSD and panic disorder with mild agoraphobia. (Tr. at 19-20). Since the ALJ found plaintiff had a severe mental impairment at step two, he did not commit error by failing to find that plaintiff's depression, bipolar disorder, and personality disorder were also severe impairments.

Fortis next asserts that the ALJ improperly evaluated her credibility and erred in finding her not fully credible. (Dkt. No. 14 at 15-18). The issue is not whether the claimaint actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent her from performing substantial gainful activity. *See Musgrave v. Sullivan,* 966 F.2d 1371,1376 (10th Cir. 1992). The ALJ found that the medical evidence as a whole does not support Fortis's statements concerning the intensity, persistence, and limiting effects of her symptoms. (Tr. at 25). He considered the subjective evidence and articulated inconsistencies which led him to find plaintiff less than fully credible. (Tr. at 24-25). He found that she took no significant pain medication on an ongoing basis. (Tr. at 25, 211, 414, and 508). Allegations of disabling pain may be discounted because of inconsistencies such as minimal medical treatment and the lack of significant pain medications. *See Kirby v. Callahan*, 975 F.Supp. 1290, 1292 (D.Kan. 1997). The ALJ's credibility findings must be affirmed if they are supported by substantial evidence on the record as a whole. *See Eillison v. Sullivan*, 929 F.2d 534, 537 (10th Cir. 1990). The ALJ articulated the inconsistencies he relied on in discrediting Fortis's subjective complaints, and those inconsistencies are supported by the record.

Fortis's last claim is that the ALJ's determination of her RFC was not supported by substantial evidence. The record supports the limitations the ALJ found resulted from

Fortis's physical and mental impairments.  None of Fortis's treating physicians assigned her specific functional limitations based on her mental impairments.  The ALJ's finding regarding Fortis's physical capabilities is supported by the treatment notes and medical opinions.  She also claims that the ALJ erred in determining that she could perform other work in the national economy.  While Fortis did retain the RFC to perform her past work as a production worker, the ALJ found that such activity did not constitute substantial gainful activity.  (Tr. at 25).  A vocational expert testified and his testimony supported the ALJ's finding that Fortis could perform the following jobs: 1) machine feeder; 2) basket filler; 3) bakery worker; 4) conveyor line; 5) bonder-semi-conductor; and 6) document preparer/microfilm.  (Tr. at 520-21).

In sum, the ALJ's finding is supported by substantial evidence in the record, and the decision is hereby affirmed.

IT IS ACCORDINGLY ORDERED this 19th day of March, 2009, that the present appeal is hereby denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE