IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JUNE FORTIS,
    Plaintiff,


vs.                                                        Case No. 07-1351-JTM


MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,
    Defendant.


MEMORANDUM AND ORDER

Presently before this court is plaintiff June Fortis' application for attorney fees under the Equal Access to Justice Act ("EAJA"). (Dkt. No. 39). Because the court finds the time preparing the briefs is reasonable, the motion is granted, and Fortis' counsel is to be awarded $13,290.80 in attorneys fees, to be made payable directly to Fortis and mailed to her in care of Fortis' counsel, David H.M. Gray.

The EAJA provides for award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. *Estate of Smith v. O'Halloran,* 930 F.2d 1496, 1501 (10th Cir.1991). Under the EAJA, a prevailing party includes a plaintiff who secures a sentence for remand reversing the Commissioner's denial of benefits as to "any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).

The Commissioner bears the burden to show that his position was substantially justified. *Gilbert v. Shalala,* 45 F.3d 1391, 1394 (10th Cir.1995). However, the party seeking the fees has the

burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances. *Hensley v. Eckerhart,* 461 U.S. 424, 433-34, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Brooks v. Barnhart,* No. 04-2526-CM, 2006 WL 3027975, *1-2 (D.Kan. Sept. 25, 2006). The objecting party has the burden to challenge the claim for attorney fees with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended. *Bell v. United Princeton Prop., Inc.,* 884 F.2d 713, 715 (3d Cir.1989). Further, the court has a duty to evaluate the reasonableness of every fee request. *Hensley,* 461 U.S. at 433-34, 103 S.Ct. 1933.

Fortis is the prevailing party in this action pursuant to this court's order, which reversed the action of the agency and remanded the case to the Commissioner for further proceedings. (Dkt. No. 37). Fortis' attorney initially requested compensation in the amount of $12,496.70, representing 79.54 hours of attorney time at $167.18 per hour. (Dkt. No. 39 at 3; Dkt. No. 39-2 at 4). However, after spending 4.75 additional hours preparing a reply brief, Fortis' counsel argued that $794.10 should be added to the original amount requested, for a grand total of $13,290.80. (Dkt. No 45 at 11-12). The court notes that the computation of hours expended at the hourly rate equals $14,091.59, not $13,290.80. Fortis' attorney will bear the burden of his mathematical miscalculation, and the court will not adjust the amount of attorney's fees awarded.

Although the Commissioner agrees that there should be an award of EAJA fees in this case, it objects to the amount Fortis' attorney is seeking, and requests this court reduce the fee award to a reasonable amount. Specifically, the Commissioner argues that the number of hours for which counsel has requested reimbursement is excessive. (Dkt. No. 40 at 2). The Commissioner also maintains that the case did not involve any complex or novel issues, that the attorney is experienced, and thus the time expended was excessive. (*Id.*)

Fortis filed a reply to the Commissioner's arguments alleging the Commissioner failed to identify specific objections to the fee request showing why the amount of time spent in research and writing is excessive. (Dkt. No. 45 at 3). Fortis correctly notes that citing the number of hours expended and asserting that it is excessive is not a specific objection. (*See Hardin-Sparks v. Astrue*, No. 06-1037-JTM 2009 WL 103644 at *1-2, (D.Kan., January 14, 2009); *Sommerville v. Astrue*, 555 F. Supp.2d 1251, 1253 (D.Kan. 2008).

After careful review of the record in this case, and the fees requested by Fortis' counsel, this court finds that the request is reasonable and should be granted. The Commissioner did not point to any individual issue within a brief which was unnecessary, involved more time than necessary to that brief or that issue, was repetitive or extraneous, or was included for a purpose to inflate the time spent on the brief or issue. The Commissioner has also not met its burden to point to what is unreasonable about the fee request. The fact that Fortis' attorney has the expertise to handle a case with greater efficiency than other practitioners means little in this context, as this court will not disregard time honestly spent working on the brief simply because the attorney preparing it is experienced. As such, Fortis' request is granted.

IT IS ACCORDINGLY ORDERED this 2nd day of February, 2010, that Fortis' application for attorney fees under the Equal Access to Justice Act (Dkt. No. 39) is granted, and Fortis' counsel is to be awarded $13,290.80 in attorneys fees, to be made payable directly to Fortis, and mailed to her in care of her counsel, David H.M. Gray.

 s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE